UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| RAMALES PHOTOGRAPHY LLC § § v. § § CIVIL NO. 4:23-CV-445-SDJ TOTALLY THE BOMB, LLC § § § | |

RAMALES PHOTOGRAPHY LLC §
§
v. §
§ CIVIL NO. 4:23-CV-445-SDJ
TOTALLY THE BOMB, LLC §
§
§

# ORDER

Before the Court is Plaintiff Ramales Photography LLC's ("Ramales Photography") Motion for Default Judgment. (Dkt. #14). Totally the Bomb, LLC ("Totally the Bomb") has failed to respond, and the deadline for doing so has passed. Having considered the motion, the record, and the applicable law, the Court concludes that the motion should be **GRANTED**.

## I. BACKGROUND

On May 17, 2023, Ramales Photography filed its complaint against Totally the Bomb, alleging one count of copyright infringement. (Dkt. #1). Totally the Bomb was served with a summons on May 27, 2023. (Dkt. #4). On August 1, 2023, Ramales Photography filed a Notice of Settlement with the Court. (Dkt. #5). However, according to Ramales Photography, Totally the Bomb ceased communications, and Ramales Photography notified Totally the Bomb's last known counsel of its intent to move for default judgment. (Dkt. #14 at 4). On October 30, 2023, Ramales Photography moved for the Clerk to enter a default against Totally the Bomb. (Dkt. #9). Accordingly, on October 31, 2023, the Clerk entered a default against Totally the Bomb pursuant to Federal Rule of Civil Procedure 55(a). (Dkt. #12).

1

Because Totally the Bomb has failed to respond to Ramales Photography's complaint and default-judgment motion or to otherwise appear in this case, the Court accepts the following allegations as true. *Viridity Energy Sols., Inc. v. Lone Star Demand Response, LLC*, No. 4:21-CV-419-SDJ, 2022 WL 4004785 (E.D. Tex. July 12, 2022) (citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200 (5th Cir. 1975)); *see also* Local Rule CV-7(d) ("A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion.").

On March 5, 2020, Felipe Ramales created and authored a photograph of celebrity Nicholas Cage ("the Photograph"). (Dkt. #1 at 3); (Dkt. #14 at 6). On December 13, 2020, the U.S. Copyright Office registered the Photograph under Registration No. VA 2-227-693. (Dkt. #14 at 6); (Dkt. #15-4). Subsequently, Mr. Ramales assigned the rights in the Photograph to Ramales Photography. (Dkt. #14 at 6). Sometime in March 2022, Totally the Bomb displayed the Photograph on its website without permission from Ramales Photography. (Dkt. #14 at 6). Ramales Photography sued Totally the Bomb for copyright infringement on May 17, 2023. (Dkt. #1). Although the parties evidently intended to settle, Totally the Bomb then "disappeared." (Dkt. #14 at 6–7). The Clerk thereafter entered a default against Totally the Bomb, (Dkt. #12), and Ramales Photography now moves the Court for default judgment. (Dkt. #14).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. The Fifth Circuit requires a three-step process for securing a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Second, an entry of default may be entered by the clerk when the default is established. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Third, after an entry of default, a plaintiff may apply to the clerk or the court for a default judgment. FED. R. CIV. P. 55(b); *New York Life Ins.*, 84 F.3d at 141.

Rule 55(b)(2) grants a district court "wide latitude," and the entry of default judgment is left to the sound discretion of the trial court. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993); *see also Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). A defendant, by its default, admits a plaintiff's well pleaded allegations of fact. *Nishimatsu*, 515 F.2d at 1206.

## III. DISCUSSION

In determining whether to enter a default judgment, courts use a three-part analysis: (1) "whether the entry of default judgment is procedurally warranted"; (2) "whether a sufficient basis in the pleadings based on the substantive merits for judgment exists"; and (3) "what form of relief, if any, a plaintiff should receive."

3

*Viridity Energy Sols., Inc.*, 2022 WL 4004785, at *3. The Court addresses each issue in turn.

## A. Default Judgment is Procedurally Warranted

The Court must first consider whether the entry of default judgment is procedurally warranted. *Lindsey*, 161 F.3d at 893. Relevant factors in making this determination include:

> (1) whether material issues of fact are at issue, (2) whether there has been substantial prejudice, (3) whether the grounds for default are clearly established, (4) whether the default was caused by a good faith mistake or excusable neglect, (5) the harshness of a default judgment, and (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Id.*

On balance, these factors weigh in favor of granting default judgment against Totally the Bomb. When a defendant defaults, it admits to the plaintiff's well-pleaded allegations of fact, so there are no material issues of fact in dispute here. *Nishimatsu*, 515 F.2d at 1206. Ramales Photography's interests are prejudiced because Totally the Bomb has not answered the complaint or otherwise defended, bringing the adversarial process to a halt. *Viridity Energy Sols., Inc.*, 2022 WL 4004785, at *3. Totally the Bomb was served with process and failed to respond despite having ample notice and time to do so. The grounds for default are clearly established, and a default judgment is not unusually harsh.

As to the remaining factors, no evidence of mistake or excusable neglect exists. Nor does there appear to be any basis on which the Court would be obligated to set aside the default. *See Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (describing

the factors a district court evaluates when considering whether good cause exists to set aside a default, including "whether the default was willful, whether setting it aside would prejudice the adversary, [ ] whether a meritorious defense is presented," and whether "the defendant acted expeditiously to correct the default" (cleaned up)). For these reasons, default judgment is procedurally appropriate here.

**B. Sufficient Basis in the Pleadings to Enter Default Judgment**

The Court must next consider whether Ramales Photography's complaint provides a sufficient factual basis to enter default judgment. *See Nishimatsu*, 515 F.2d at 1206 ("[A] defendant's default does not in itself warrant the court in entering a default judgment."). In determining whether there is a sufficient basis in the pleadings for judgment, courts in the Fifth Circuit "draw meaning from the case law on Rule 8." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). Factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The complaint must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," but "[d]etailed factual allegations" are not required. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

Applying this standard, the Court now considers the sufficiency of Ramales Photography's copyright infringement claim. Generally, a plaintiff must prove two elements to establish copyright infringement: (1) plaintiff's ownership of a valid

5

copyright; and (2) the defendant's copying of constituent elements of the work that are original. *BWP Media USA, Inc. v. T & S Assocs., Inc.*, 852 F.3d 436, 438 (5th Cir. 2017) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991)); *see also Strike 3 Holdings, LLC v. Doe*, No. 4:22-CV-158-SDJ, 2023 WL 5835560 at *2 (E.D. Tex. Sept. 8, 2023). A certificate of registration is prima facie evidence both that a copyright is valid and that the registrant owns the copyright. *Batiste v. Lewis*, 976 F.3d 493, 501 (5th Cir. 2020).

Ramales Photography alleges that it is the owner of the copyright being infringed and that Totally the Bomb "copied, stored, and/or displayed" the copyrighted work on its website without Ramales Photography's permission. (Dkt. #1 at 1–4). In support of its ownership, Ramales Photography provided a copy of the Photograph's copyright registration, serving as prima facie evidence of the copyright's validity and Ramales Photography's ownership.[1] (Dkt. #15-4). Ramales alleges that by displaying the Photograph on its website without Ramales Photography's permission, Totally the Bomb copied the work in its entirety, necessarily copying all constituent elements of the work that are original. (Dkt. #1 at 3–4).

Based on the well-pleaded allegations, Ramales Photography has established each element of its claim for copyright infringement. Ramales Photography is therefore entitled to default judgment against Totally the Bomb for its infringement.

---

[1] Although the copyright registration lists "Felipe Ramales" as the registrant, Ramales Photography alleges that Felipe Ramales assigned the rights in the Photograph to Ramales Photography. (Dkt. #1 at 3); (Dkt. #15-4).

**C. Appropriateness of Relief**

Ramales Photography asserts that it is owed damages capable of mathematical calculation and, therefore, that no hearing on damages is necessary. The Court agrees.

In awarding relief, a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). And in the context of a default judgment, unliquidated damages normally are not awarded without an evidentiary hearing. *James*, 6 F.3d at 310. But this general rule does not apply—that is, a hearing is unnecessary—when the amount of damages can be determined with a mathematical calculation by reference to the pleadings and supporting documents. *Id.*

Under federal copyright law, a copyright infringer is liable for either actual damages or statutory damages. 17 U.S.C. § 504(a). Statutory damages range from $750 to $30,000 as the court considers just. *Id.* § 504(c)(1).

Ramales Photography requests $30,000 in statutory damages for one count of infringement.[2] (Dkt. #14 at 12). The number of awards of statutory damages is limited to the number of works infringed and the number of individually liable

---

[2] Ramales Photography has not been entirely consistent in its request for statutory damages. *See* (Dkt. #14 at 7) (stating "Plaintiff's complaint seek[s] statutory damages for two works pursuant to 17 U.S.C. § 504(c)"); (Dkt. #15 at 5) (requesting "an award of statutory damages in the amount of $30,000 per work for copyright infringement, or a total of $60,000"). However, Ramales Photography has only alleged that one work—the Photograph—has been infringed. *See* (Dkt. #1). Further, Ramales Photography has requested $30,000 for one infringed work more prominently in its filings. (Dkt. #14 at 1, 12); (Dkt. #15 at 3); (Dkt. #16 at 1). This leads the Court to conclude that the $60,000 request is likely a clerical error, and it will therefore be disregarded.

infringers, not the number of infringements. *Mason v. Montgomery Data, Inc.*, 967 F.2d 135, 143–44 (5th Cir.1992). Courts regularly award $30,000 per infringed work without license fee history. *See, e.g., Trinkhaus v. Nativity Tours and Travel Inc.*, No. 4:22-CV-3156 (S.D. Tex. Nov. 28, 2023) (awarding $30,000 on default for each copyrighted photograph without proof of licensing fee history); *Bee Creek Photography v. J. Rene Walker*, No. 1:19-CV-62-LY (W.D. Tex. June 2, 2020) (awarding $30,000 on default for a single copyrighted work without proof of licensing fee history); *Nam v. Anonie LLC*, No. 23-CV-5577 (JGLC) (S.D.N.Y. Dec. 18, 2023) (awarding $30,000 in statutory damages for a single photograph without proof of lost licensing fee). Therefore, it is within this Court's discretion and within reason to grant Ramales Photography's request for $30,000 in statutory damages.

Ramales Photography also requests $1,500 in attorney's fees, representing two and a half hours of its counsel's billable time multiplied by counsel's hourly rate of $600. As explained below, the Court finds that the requested fees are reasonable.

In the Fifth Circuit, courts use a two-step method for determining proper attorney's fees. The first step is to multiply the hours that the attorney worked by the attorney's hourly rate, yielding an amount that is referred to as the "lodestar." *See Hobbs v. EVO Inc.*, 7 F.4th 241, 259 (5th Cir. 2021). In calculating the lodestar, the Court places the burden on the party seeking attorney's fees to prove the reasonableness of both the attorney's hours and the hourly rate. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011).

After calculating the lodestar, the Court moves to the second step of the

reasonable fee analysis: applying the twelve *Johnson* factors to determine whether the lodestar should be adjusted, either upward or downward, based on the facts and circumstances of the case. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989). Because the lodestar is presumed reasonable, the *Johnson* factors require modification of that amount only in "exceptional cases." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

In calculating attorney's fees, the Court's goal "is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). "The Court is also an expert on reasonableness of fees and may use its own experience in deciding a fee award." *Tech Pharm. Servs., LLC v. Alixa Rx LLC*, 298 F.Supp.3d 892, 904 (E.D. Tex. 2017). The touchstone principle in evaluating the reasonableness of the rates charged is that the moving party must demonstrate—through "satisfactory evidence"—that "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *McClain*, 649 F.3d at 381 (cleaned up).

Counsel has cited to the 2017 Report of the Economic Survey ("Survey") from the American Intellectual Property Law Association and the Laffey Matrix. (Dkt. #15 at 7). For counsel's thirty years of experience, his rate falls within the first and third quartiles of median rates billed by intellectual property partners at private firms according to the Survey. Although the Laffey Matrix is representative of Washington, D.C. attorneys, counsel's rate falls well below the hourly rate for his

9

experience level presented therein. Therefore, the Court finds that the hourly rates are reasonable.

"[A] party seeking attorneys' fees may only recover for time spent in preparing and prosecuting the actual discovery motion—that is, the 'reasonable expenses incurred in making the motion, including attorney's fees.'" *Lohr v. Gilman*, No. 3:15-CV-1931-BN, 2018 WL 3993725, at *3 (N.D. Tex. Aug. 21, 2018) (quoting FED. R. CIV. P. 37(a)(5)(A)). Here, counsel has submitted a time sheet, showing that he spent one hour drafting the complaint, a tenth of an hour reviewing the request for the Clerk's entry of default, a tenth of an hour reviewing the status report, and 1.3 hours drafting the application for default judgment. (Dkt. #15 at 8). Considering the work performed, the Court finds that the number of hours billed is reasonable.

The Court finds that the rate and hours billed are reasonable. The lodestar amount is $1,500. The Court has considered the *Johnson* factors but does not find it necessary to adjust this figure, which is afforded a strong presumption of reasonableness. *See, e.g., Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006) (per curiam). Accordingly, Ramales Photography is entitled to recover the lodestar amount.

Ramales Photography is also entitled to its costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and to an award of postjudgment interest on the default judgment pursuant to 28 U.S.C. § 1961(a). Ramales Photography requests $400 for the filing fee and $40 for the service fee. (Dkt. #14 at 14). The Court finds that Ramales Photography is entitled to $440 in costs and to its postjudgment interest.

## IV. CONCLUSION

For the foregoing reasons, Ramales Photography LLC's Motion for Default Judgment, (Dkt. #14), is **GRANTED**. The Court will enter its default judgment as to Totally the Bomb by separate order.

**So ORDERED and SIGNED this 24th day of July, 2024.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE